# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| PLAINTIFF(S)<br>Kelly J. Ofoma | )<br>) | Case No: |
| | | **08CV0411** |
| **v.** | ) | **JUDGE LEFKOW** |
| DEFENDANT(S) | )<br>) | **MAG.JUDGE ASHMAN** |

The Department of Defense
Assistant Secretary of Defense and
Mr. Robert M. Gates-Secretary of Defense and
Adm. Michael G. Mullen-
Chairman of the Joint Chiefs of Staff
1400 Defense Pentagon
Washington, DC 20310-1400

**RECEIVED**

JAN 1 8 2008

**COMPLAINT**

**Plaintiff complains and for causes of action alleges as follows:**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I was approached by my daughter who was under age at the time about enlisting in the U.S. Army because she wanted a way to attend school. I vehemently told her no, definitely. That she would have to wait until she was 18 or 19 to be able to make that decision, but for now my answer is no.

A few days later I learned that her mother and her current husband went and signed papers allowing her to enlist in the Army against my will. In doing this they violated my 4th amendment rights and my fathers right awarded me during our divorce. I was given joint custody, the terms of which states that any major decision, including educational decisions regarding the children must be made jointly. The husband signed papers as a guardian that he has no right to sign.

In my final divorce decree date March 1999, The Honorable Judge Jeffery Lawrence signed the judgment for the dissolution of marriage, which stated that all major decisions regarding each child must be jointly decided. This was violated.

Immediately after I learned this I contacted the Recruiting officer and protested. The officer informed that the stepfather had signed but due to the divorce decree stipulation he had no right to do so. I made it clear to the officer that I wanted the application voided because my daughter did not have my permission to enlist in the Army.

During my discussion with the Recruiting officer, the officer told me that there is a Federal Law stating that if the child is living with a Step-father, the step-father has the right to sign the documents allowing the child to enlist in the military regardless of whether or not they have joint custody. I told him that was a lie and I need to see the Federal Law that states this because I knew he was lying. He told me he would send it to me. I waited for three days and did not receive it. I started calling him, and calling him. Finally after several attempts I reached him on the phone and he confessed to me that he had lied to me regarding there being a law giving the step-father the right to sign the documents superceding my right given to me in my divorce decree.

The officer tried to talk me into allowing my daughter to go to the military for the educational

benefits and I told him definitely not because he lied to me and the documents were illegally signed. He tried to persuade me by telling me that my daughter would never be shipped overseas as long as she remained in school. I told him I did not care about that because it was not done right and that she would have to wait until she comes of age to make that decision by herself.

The officer instructed me to compose a letter of objection, which I did. I even went farther by writing to the department of Defense to the then Chairman of Joint Chief of Staff. I never received any response from the letter written to the Chairman of Joint Chief of Staff.

My daughter was shipped to South Carolina. I went to her graduation from boot camp there and spoke with the officials there explaining tearfully that I never gave my permission for my daughter to be there and that I wanted her released. They informed me that I have a legitimate complaint but they were just the instructors and were not the people to complain to. They suggested that I write to the Department of Defense, Army Division that I had already done.

During school my daughter experience much sickness. When she returned home she was taken to the doctor where it was diagnosed that she suffers from chronic Bronchitis which caused her to experience difficulty in breathing. We have a letter from her doctor to substantiate this.

Based on the fact that not only were my rights violated, the recruiter lied and my daughter's existing health problems, I would like to plead with the Honorable Court to pleas grant my daughter an Honorable Discharge from the Army with all benefits in tack.

Kelly J. Ofoma
9721 South Genoa Avenue
Chicago, Illinois 60643
Phone# 773-715-6709

Date: January 14, 2008

⑨

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

IN RE:   THE MARRIAGE OF:

Tedesfor Kelly Ofoma

     Petitioner,

**AND**

Shirley Lynn Ofoma

     Respondent.

ENTERED

⬜ - 4 1999

1 6 0 3

4566

JUDGE JEFFREY LAWRENCE
NO. _____ D 98D01803

9 9

0 0 1 3

2 3 2 4

### ORDER ON PROVE-UP

This cause coming on to be heard on the PETITION FOR DISSOLUTION OF MARRIAGE and, the Court being fully advised in the premises.

**IT IS HEREBY ORDERED:**

The Petitioner shall, within ___28___ days from the date hereof, submit for court approval the following:

1.   TRANSCRIPT OF PROCEEDINGS, CERTIFIED BY THE Court Reporter and the Attorney for the Petitioner.

2.   A proposed JUDGMENT FOR DISSOLUTION.

3.   The following as are applicable in this case:

    ____A.   SETTLEMENT AGREEMENT
    ____B.   JOINT PARENTING AGREEMENT
    ____C.   ORDER FOR SUPPORT
    ____D.   QUALIFIED DOMESTIC RELATIONS ORDER
    ____E.   NOTICE OF MOTION to Respondent with copies of proposed Judgment and other documents, or the Respondent approving the Judgment on its face.
    ____F.   WAIVER OF CONTRIBUTING HEARING.
    ____G.   DATE FOR PRESENTATION JUDGMENT _____, 199__ , at _____
    ____H.   DATE FOR TRANSCRIPT OF PROCEEDINGS _____, 199__ , at _____
    ____I.   TRANSCRIPT WAIVED.

Atty. NO: _____
Name: Tidiofor Kelly Ofoms
Attorney for: 
Address: 11147 So. Ashland
Ave Chicgfo Il 60643
Tel.: 773-298 0755
Fax: 773 298 0755

.............,19......

**ENTER:**

....................
Judge       Judge's No.

**AURELIA PUCINSKI, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**



COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF:

Jideofor Kelly Ofoma
Petitioner,

AND

Shirley Lynn Ofoma
Respondent.

ENTERED

MR - 4 1999

JUDGE JEFFREY LAWRENCE
CASE NO. 98 D 01808 3

4561

### ORDER FOR FREE TRANSCRIPT

THIS CAUSE HAVING COME for hearing before this Honorable Court upon Petitioner's verified Petition for Dissolution of Marriage and Application to Proceed Under Supreme Court Rule 298, and leave having been granted the Petitioner to proceed in forma pauperus.

IT IS THEREFORE ORDERED that the Clerk of this Court shall pay the cost of the transcript in this case.

_____
JUDGE

Name: Jideofor Kelly Ofoma

Attorney for:
Address: 11142 South Ashland Ave
Chicago, Ill 60643

Tel.: 773 298 0755
Fax: 773 298 0755
County County Attorney Number:

# IN THE CIRCUIT COURT OF COOK COUNTY,ILLINOIS COUNTY DEPARTMENT-DOMESTIC RELATIONS DIV.

## IN RE THE MARRIAGE OF

|  |  |
|---|---|
| JIDEOFOR KELLY OFOMA<br>Petitioner | ) )<br>)<br>)<br>)  Case No. 98D018083<br>) |
| and | )<br>) |
| SHIRLEY LYNN OFOMA<br>Respondent | )<br>)<br>) |

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

The cause coming on to be heard upon assignment for trial by the presiding judge of this division from the regular call of uncontested matter; upon the duly verified petition for dissolution of marriage of the petitioner and the response of the respondent thereto; the petitoner appearing in person as pro se , and the respondent WAIVED her rights to appear in person , and the court having heard the evidence presented to it, having heard argument of petitioner and respondent, and being fully advised in the premises, FINDS:

A.  That this court has jurisdiction of the parties to, and the subject matter of, this cause.

B.  That both the petitioner and respondent was domiciled in the state of Illinois at the commencement of this action and both has been an actual resident of this state for a period of one year immediately preceding the making of these findings.

C.  That the parties were lawfully married to each other on May 15th, 1987, in Chicago, Cook County Illinois, and the marriage was registered in Cook County, Illinois.

D.  That the Husand is 37 years of age. He is currently  self-employed in Chicago, Illinois. He resides in Chicago, County, Illinois.

E.  That the Wife is 37 years of age. She is currently employed by Catholic Charities in Chicago, Illinois. She resides in Calumet Park, Cook County, Illinois.

F.  Two children were born to the parties as a result of this marriage, namely :
JIDEOFOR KELLY OFOMA JR., born on the 12th of july , 1993, presently 5 years of age and
JIDE T. OFOMA, born on the 27th of july, 1988, presently 10 years of age .

G.  That the parties separated on the 1st of june, 1994, and since that time all decisions affecting the minor children have been made jointly by the parties.  Husband filed a Petition  for Dissolution of Marriage against the Wife in the Circuit Court of Cook County, Illinois, County Department-Domestic Division , Cook County, Illinois.

H.  Husband and Wife consider it to be in their respective best interest and that of the minor children to settle between themselves the issue of the permanent custody of the minor children.

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT-DOMESTIC RELATIONS DIV.

### IN RE THE MARRIAGE OF

**JIDEOFOR KELLY OFOMA**
    Petitioner

and

**SHIRLEY LYNN OFOMA**
        Respondent



ENTERED

MAR - 4 1999

JUDGE JEFFREY LAWRENCE

Case No. 98D018083

## JUDGMENT FOR DISSOLUTION OF MARRIAGE

The cause coming on to be heard upon assignment for trial by the presiding judge of this division from the regular call of uncontested matter; upon the duly verified petition for dissolution of marriage of the petitioner and the response of the respondent thereto; the petitoner appearing in person as pro se , and the respondent WAIVED her rights to appear in person , and the court having heard the evidence presented to it, having heard argument of petitioner and respondent, and being fully advised in the premises, FINDS:

A. That this court has jurisdiction of the parties to, and the subject matter of, this cause.

B. That both the petitioner and respondent was domiciled in the state of Illinois at the commencement of this action and both has been an actual resident of this state for a period of one year immediately preceding the making of these findings.

C. That the parties were lawfully married to each other on May 15th, 1987, in Chicago, Cook County Illinois, and the marriage was registered in Cook County, Illinois.

D. That the Husand is 37 years of age. He is currently self-employed in Chicago, Illinois. He resides in Chicago, County, Illinois.

E. That the Wife is 37 years of age. She is currently employed by Catholic Charities in Chicago, Illinois. She resides in Calumet Park, Cook County, Illinois.

F. Two children were born to the parties as a result of this marriage, namely :
JIDEOFOR KELLY OFOMA JR., born on the 12th of july , 1993, presently 5 years of age and
JIDE T. OFOMA, born on the 27th of july, 1988, presently 10 years of age .

G. That the parties separated on the 1st of june, 1994, and since that time all decisions affecting the minor children have been made jointly by the parties. Husband filed a Petition for Dissolution of Marriage against the Wife in the Circuit Court of Cook County, Illinois, County Department-Domestic Division , Cook County, Illinois.

H. Husband and Wife consider it to be in their respective best interest and that of the minor children to settle between themselves the issue of the permanent custody of the minor children.

I, Shirley Lynn Ofoma wishes to represent herself, even though she acknowledges that she has the right to obtain her own counsel.

Now, therefore, in consideration of the covenants contained in this agreement, and for other good and valuable consideration, the parties agree as follow;

## 1. JOINT CUSTODY OF THE CHILDREN:

(A) The parties agree that each is a fit and proper person to be awarded the sole and exclusive permanent care, custody, control and education of the minor children of the parties namely; JIDEOFOR KELLY OFOMA and JIDE T OFOMA, and it is in the best interest of the minor children that the parties be awarded the joint permanent care, custody, both legal and physical, control and education of the minor children with the primary residence being with Wife, and the day-to-day care, control and physical possession of the minor children shall be awarded to each of the parties in accordance with the physical possession schedule set forth below.

(B)  Each party acknowledges the continuing need  of each of the minor children for close, frequent and continuing contact with both parties.

(C) Both Husband and Wife will use their best efforts to foster the respect, love and affection of each child that will give each child the maximum feeling of security that may be possible.  the parties shall cooperate fully in implementing the physical possession schedule and vacation programs set forth below to accommodate the social and school commitments of each child concerned.

(D) Both Husband and Wife shall keep other informed as to the exact place where each of them resides, the telephone numbers of their residence, their places of employment, the telephone numbers of their places of employment, and if either party travels out of town for any extended period of time, then that person shall notify the other of his or her destination and provide a telephone number where he or she reached.

(E) Each parent shall advise the other of any serious illness or injury suffered by any of the children as soon as possible after learning of the illness or injury.  each parent shall direct all doctors involved in the care and treatment of the child concerned to give the other parent all information regarding any illness or injury by the child.

(F) Both parties shall make all the final decision regarding which elementary , junior high, high school, post-high school, and religious each minor child attends, or will attend.

(G) Each party shall have the right to visit each child's school, to consult with his or her teachers and administrators, and to take an active part in each child's educational process. Each part shall notify the other of all school and extracurricular activities each minor activity, so that both parties can be present at any event if they so choose or if their respective schedules permit..

(H) All major decisions regarding each child's extracurricular activities, medical care, health , secular public and/or private education, religious education and training, and overall well being shall be made by the parties jointly.

(I) All school and medical records of each child are to be made equally available to both the Husband and the Wife. Each child's school and medical records shall reflect the fact that Husband and Wife are joint custodians of the child concerned and are to have total and equal access to all information concerning the child, and both parents are to be notified by each school, medical professional instructor, and institution of all activities and incidents affecting the child or in which

the child is a participant.

2.  PHYSICAL POSSESSION SCHEDULE:

 The parties agree that minor children should be able to spend as much time as reasonably possible with each and parent, taking into consideration the educational commitments of the children. therefore, each party shall be awarded physical possession of the minor childen as following;

HUSBAND:

1. Weekly and Weekends
Husband shall have the physical possession of the minor children as following;

(A) Every weekend commencing 11:00 AM Saturday morning and concluding 7:00 PM Saturday evening.
(B) When the minor children are in school during a particular week, Husband shall have physical possession of the minor children at least onw weekend evening each and every week from 2:30PM until 7:00PM. When the minor children are on school break, or vacation, in a particular week, Husband shall have physical possesssion of the minor children at least two evening each and every week from 2:30PM until 7:00PM . In all events, the Husband shall have the right to physical possession of the children each and every week in accordance with the above which  shall be in addition of weekend, holiday, and other physical possession periods set forth in this Agreement.

2. LEGAL OR SCHOOL HOLIDAYS:

(A) Husband shall have physical possession of the minor children as follows;

> **Even-Numbered Years**
> New Year's Day
> Martin Luther King's Birthday
> Washington's Birthday
> Good Friday
> Veteran's Day
> Christmas Eve

Wife shall have physical possession of the minor children as follows;

> **Odd-Numbered Years**
> New Year's Eve
> Lincoln's Birthday
> Easter Sunday
> Independence Day
> Columbus  Day
> Christmas  Day

If any of the above holidays as awarded to the Husband result in a three-day weekend, the Husband, at this sole option, may elect to have physical possession of the minor children for the entire three-day weekend.

(B) Husband and Wife shall have physical possession of both minor children on each child's birthday.

WIFE:

1. Weekly and Weekends

Wife and Husband will share physical possession of the minor children on all weekdays and weekends.

2. LEGAL OR SCHOOL HOLIDAYS:

(A) Wife shall have physical possession of the minor children each and every year, as follws:

1. Mother's Day
11. Wife's Birthday;
111. Thanksgiving Day

(B) Wife and Husband shall share the physical possession of both minor children on each child's birthday each and every even numbered year.

The above legal or school holiday physical possession schedule shall begin at 10:00 AM and end at 8:00PM . The parties shall alternate all other school holidays, including , but not limited to, in-service days and record days, if their respective work schedule permit.

Husband shall have the right to spend a minimum of the equivalent of six weeks vacation with the minor children each and every year. The time may be taken in weeks or days at Husband's sole and exclusive election, but the specific dates taken shall be mutually agreed upon by the parties, taking into consideration the school and social commitments of each child, upon written notification to Wife no later than one month prior to the period of time desired, if the vacation is longer than a weekend, and 14 days prior to the period of time desired if the vacation period is for a weekend or less. The vacation period may be for six consecutive weeks at a time, if the Husband so chooses. The Husband's vacation time with the children shall be in addition to all other physical possession periods Husband has a right to with the children.

Husband shall advise Wife of his destination, where the children shall be staying , a telephone number where Husband and the children can be reached, and the exact dates and time of the commencement and conclusion of the vacation.

At the very least, Husband shall have the right to vacation with children concerned for six consecutive weeks either in August or in December each and every year.

Wife shall have the same right to vacation with minor children each and every year and shall notify Husband, and be subject to the same conditions associated with the six weeks vacation with the children, in accordance with the above conditions applicable to Husband as prescribed in this subparagraph D.

The parties agree that each shall be allowed reasonable free, uninterrupted communication with the children, when they are not in his or her physical possession, on the telephone at all times,and that neither party shall interfere with his communication for any reason, nor shall he or she permit any of his or her respective agents, assigns, servants, attorneys or future spouse to interfere with his communication. Husband and Wife agree to encourage communication between the children and the other parent when the children are in their physical possession and not in the physical possession of the other party.

Should Wife be unable to have physical possession of the minor children, pursuant to the above schedule, except in case of a grave emergency, Wife must Husband at least 48 hours, if possible, prior to the scheduled date of this inability . Should ant or all of the children be unable to comply with Husband's schedule, while in the physical possession of Wife, except in case of emergency , Wife must notify Husband at least 48 hours, if possible, prior to the schedule date.

Should Husband be unable to have physical possession of the minor children, pursuant to the above schedule, except in case of grave emergency, Husband must notify Wife at least 48 hours, if possible, prior to the schedule date of this inability. should any or all of the children be unable to comply with Wife's schedule. While in the physical possession of Husband, except in case of a grave emergency, Husband must notify Wife at least 48 hours, if possible, prior to the scheduled date. Both parties will encourage the love, respect and obedience of each child for the other parent and refrain from denigrating the former spouse in the presence of a child, or permitting their respective future spouse from doing so. It will be the duty of each of the parties to make each child aware that he/she is loved and cherished by both parties and that he/she is not, in any  way, the cause of his/ her parents' separation.

Both parents shall be responsible for working together toward ensuring healthy, happy and productive children, whose emotional and intellectual well-being and future will be stable and fruitful, and that each parent shall do all things necessary, either individually or jointly, to attain that goal.

If a physical possession period is made unavailable by virtue of serious illness or injury to a child, the parties shall cooperate to implement a reasonable substitutes visitation period.

All schools, teachers, clergymen, doctors, hospitals, counselors, recreation facilities, advisors, professionals, and institutions shall be advised and informed by both Husband and Wife that both parties have custody of the children and, therefore, both shall be advised of, and have access to, any information regarding the children.

Both Husband and Wife shall have equal rights and responsibilities regarding decision making and the overall well being of the minor children. All decisions affecting the religious, medical, educational, and recreational activities of each, and his/her general welfare and well being shall be made jointly by both parties.

The Wife shall provide each child sufficient clothing and personal effects that may be required fir his/her needs and comfort during each period of physical possession with the Husband.

If a child becomes seriously ill or injured during the times he/her is with Husband, while Husband is exercising his right to physical possession of the minor children, Husband shall notify Wife as soon as possible. He shall give Wife the details of the illness or injury and the name and telephone number of any attending physician. Wife shall have same responsibility to notify Husband of any illness or injury incurred by a child when Wife has physical possession of the children.

DISPUTE RESOLUTION:

If Husband and Wife cannot agree on any of the major decisions affecting the health, education, religion or well-being of a child concerned, they shall enter into mediation in an attempt to resolve the dispute prior to proceeding to a hearing in a court of competent jurisdiction. Any cost of mediation shall be shared equally by the parties. After discussion and failure of the parties to reach an accord on a major decision, the party seriously objecting to the plan of the other party shall be responsible for instituting  the mediation and, if necessary thereafter, Court proceeding. Notwithstanding the above, each party shall retain the right to make day-to-day decision

concerning each child while each child is residing in their respective homes. Subject to those, subject to those continuing activities or needs of the child concerned.

**REMOVAL:**

Consistent with section 609 of the Illinois Marriage and Dissolution Act, as now in effect, neither custodial parent shall remove any or both/or all the minor children from the State of Illinois without the prior written consent of the other parent and a stipulated order of Court. If the parties are unable to mutually agree that the removal of one or both/or all of the minor children from the State of Illinois is consistent with the best interest of the minor children, then that determination shall be made by a Court of competent jurisdiction shall be made by a Court of competent jurisdiction upon proper notice and petition.

**MISCELLANEOUS:**

This document has been examined by each of the parties, assisted by counsel of his and her respective choice. The terms contained in this agreement were arrived at between the parties after extensive negotiations by the parties. It is believe by each of the parties to be fair, just and equitable in all respects, and in the best interest of the minor children. The parties knowingly and voluntarily , without coercion, entered into this Agreement.

This Agreement shall become effective on the parties upon its execution . It is the intent of the parties that this joint parenting Agreement be incorporated in, and made part of, the written Martial Settlement Agreement entered into by the parties on    Nov 15t, 1998.

Each party has considered seriously the custody terms and provisions recited above and has determined that the terms and provisions are in the best interest of the minor children. No modification of the custody terms and provisions shall be sought by either Husband or Wife unless substantial changes occur in the environment in which the children concerned are being raised or in the conduct of a custodial parent which seriously endangers the physical , mental , moral or emotional health of the children.

NO UNRELATED ADULT OF THE OPPOSITE SEX MAY BE PRESENT OVERNIGHT IN THE SAME RESIDENCE WHILE THE MINOR CHILDREN ARE PRESENT OR THE MINOR CHILDREN CANNOT BE SENT AWAY TO MAKE ROOM FOR OPPOSITE SEX TO SPEND A NIGHT. THIS IS A CONDITION APPLIES TO BOTH PARTIES.

The minor children shall not be kept out later than 9:00 PM . On a school night without the permission of the other parent. This rule shall be evaluated when a child reaches the age of 15 Yrs.

**DEATH OR INCAPACITATION:**

In the vent of the death , incapacitation, or serious illness of either party, the legal and physical care and custody of the minor children shall vest WHOLLY and EXCLUSIVELY in the other party.

## DISCLOSURE OF FINANCIAL INFORMATION:

The parties hereto consider it to be in their best interests to settle between themselves now and forever the matters of maintenance and all other rights of property, now owned or which may hereafter be acquired by either of them. Each party is satisfied with the disclosure of the wealth, martial and non-martial property, estate and income of the other and wishes to proceed without any further pre-trial discovery.

## REAL ESTATE:

Neither party acquired real estate during the marriage of the parties.

## CHILD SUPPORT:

Until such time as he obtains full time employment, Jideofor Kelly Ofoma shall pay as and for child support, the sums of $105.00 every two weeks. Jideofor Kelly Ofoma presently pays said amount pursuant to an administrative order of support.

## TERMINATION OF CHILD SUPPORT:

Once the payment of child support commences, child support for a minor child shall terminate when the child reaches the age of 18 unless otherwise emancipated. However, the child support shall continue while a child has reached the age of 18 but is still in regular full time attendance in high school.

## LIFE INSURANCE :

Due to the unemployment of Jideofor Kelly Ofoma, the issue of life insurance on the life of Jideofor Kelly Ofoma shall designate the minor children of the parties as irrevocable beneficiaries, with Ms. ANGELA C. OFOMA as trustee for said children, on a life insurance policy obtain through benefit of any future employment or private insurance.
This designation shall be maintained so long as the obligation to pay support or contribute to the post-high school education of a child continues, but no later than the twenty third birthday of a child.

## PERSONAL PROPERTY:

Each party shall retain the personal property in his or her own individual possession as his or her sole property, free of any claim from the other.

## DEBTS:

Each party shall be solely responsible for his or her own debts acquired after the separation of the parties on june 1st, 1994 , and hold the other harmless therefrom.

## MAINTENANCE:

Each party forever waives his or her rights to maintenance, formerly known as ALIMONY, from the other.

**EMPLOYMENT BENEFITS:**

Each party shall be awarded his or her individual pension, profit sharing , or any other benefit earned by reason of his or her individual employment, free of any claim by the other.

**GENERAL RELEASE:**

Jideofor Kelly Ofoma and Shirley Lynn Ofoma each forever relinquish , release and quit-claim to each other his or her respective rights of dower, homestead, inheritance, pension funds, profit sharing, or community interest. It is intention of the parties to terminate any interest whatsoever acquired by the nature of the martial relationship, under any past, present or future law, to the full extent possible, except as specifically stated in this agreement.

**ATTORNEY'S FEES AND COST:**

Each party shall assume the payment of his or her individual attorney's fee and cost.

**WAIVER OF NOTICE AND APPEARANCE OF RESPONDENT:**

The respondent hereby waives notice of the hearing on the Petition for Dissolution of Marriage and waives his or her appearance at said hearing. Each party stipulates that the JUDGMENT of DISSOLUTION of MARRIAGE herein may be entered immediately without further notice based upon the terms of this agreement.

**FORMER NAME:**

The Wife shall be allowed, at her option , to resume the use of her former name, to wit: YANCY.

This agreement is made between Mr. JIDEOFOR KELLY OFOMA (HUSBAND) and Mrs. SHIRLEY LYNN OFOMA( WIFE). This Court expressly retains jurisdiction of this cause for the purpose of enforcing each and every term and condition of this Judgment.

ENTER: _____

JUDGE

DATED _____

**EMPLOYMENT BENEFITS:**

Each party shall be awarded his or her individual pension, profit sharing , or any other benefit earned by reason of his or her individual employment, free of any claim by the other.

**GENERAL RELEASE:**

Jideofor Kelly Ofoma and Shirley Lynn Ofoma each forever relinquish , release and quit-claim to each other his or her respective rights of dower, homestead, inheritance, pension funds, profit sharing, or community interest. It is intention of the parties to terminate any interest whatsoever acquired by the nature of the martial relationship, under any past, present or future law, to the full extent possible, except as specifically stated in this agreement.

**ATTORNEY'S FEES AND COST:**

Each party shall assume the payment of his or her individual attorney's fee and cost.

**WAIVER OF NOTICE AND APPEARANCE OF RESPONDENT:**

The respondent hereby waives notice of the hearing on the Petition for Dissolution of Marriage and waives his or her appearance at said hearing. Each party stipulates that the JUDGMENT of DISSOLUTION of MARRIAGE herein may be entered immediately without further notice based upon the terms of this agreement.

**FORMER NAME:**

The Wife shall be allowed, at her option , to resume the use of her former name, to wit: YANCY.

This agreement is made between Mr. JIDEOFOR KELLY OFOMA (HUSBAND) and Mrs. SHIRLEY LYNN OFOMA( WIFE). This Court expressly retains jurisdiction of this cause for the purpose of enforcing each and every term and condition of this Judgment.



ENTER:_____

JUDGE


DATED:_____

WHICH WAS ALL THE EVIDENCE HEARD
IN THE ABOVE-ENTITLED CAUSE.

STATE OF ILLINOIS   )
                     ) SS
COUNTY OF C O O K   )

    I, Sandra Lio, Official Court Reporter of the
Circuit Court of Cook County, County Department-
Domestic Relations Division, do hereby certify that I
reported in shorthand the evidence had in the above-
entitled cause and that the foregoing is a true and
correct transcript of all the evidence heard.

_____ 3/19/99
License No. 084-001897
Official Shorthand Reporter
Circuit Court of Cook County
County Department-Domestic Relations

STATE OF ILLINOIS   )
                     ) SS
COUNTY OF C O O K   )

    I, _____JIDEOFOR KELLY OFOMA,_____, do hereby
certify that I appeared for the petitioner in the
above-entitled cause; that I have read the foregoing
Report of Proceedings and that the same is, to the
best of my recollection and belief, a true and correct
transcript of all the evidence heard.

_____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    FORASMUCH, THEREFORE, as the matters and things
hereinabove set forth do not otherwise fully appear of
record, the petitioner tenders this Report of Proceedings
which said petitioner prays may be signed and sealed by the
Judge before whom said cause was heard.

    WHICH IS ACCORDINGLY DONE on the day and date of the
entry of judgment herein.

_____ (SEAL)
           JUDGE



STATE OF ILLINOIS )
) SS:
COUNTY OF C O O K )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-DOMESTIC RELATIONS DIVISION

IN RE: THE MARRIAGE OF )
)
JIDEOFOR KELLY OFOMA, )
)
Petitioner, )
)
and ) No. 98 D *18083*
)
SHIRLEY LYNN OFOMA, )
)
Respondent. )

IRRECONCILABLE DIFFERENCES

STIPULATION

REPORT OF PROCEEDINGS had at the hearing
of the above-entitled cause, before the Honorable
JEFFREY LAWRENCE, one of the Judges of said
Division, on Thursday, the 4th day of March, A.D.,
1999.

PRESENT:

The Petitioner appeared pro se.

No one appeared for Respondent.

THEREUPON the Petitioner, to maintain the issues
in his own behalf, introduced the following evidence,
to-wit:

Sandra Lio
Official Court Reporter--84-001897
28 North Clark-Suite 550
Chicago, Illinois 60602

THE CLERK:  Ofoma.

THE COURT:  Good morning.  How are you?

THE PETITIONER:  My name is Jideofor Kelly Ofoma;
J-I-D-E-O-F-O-R; K-E-L-L-Y; O-F-O-M-A.

THE COURT:  One moment, sir.  I have a problem.
Basically the judgment you prepared is fine except
that I can't award joint custody unless there's an
agreement to it.  I can award custody to her, but I
can't award joint custody.  She has to sign this.

THE PETITIONER:  She did.

THE COURT:  Where?

THE PETITIONER:  I can get it.

THE COURT:  Let me see the copy that she signed.
That will help.

Are they the same?

THE PETITIONER:  Yes.

JIDEOFOR KELLY OFOMA,
the Petitioner herein, called as a witness on his own
behalf, having been first duly sworn, was examined and
testified as follows:

DIRECT EXAMINATION

BY

THE COURT:

Q    This is the marriage of Jideofor Kelly Ofoma

2

and Shirley Lynn Ofoma; 98 D 18083.

Personal service was made on Mrs. Ofoma on November 25, 1998, and Mr. Ofoma has tendered to me a judgment for dissolution of marriage, a joint parenting agreement, and a marital settlement agreement.

Sir, are you married to Shirley Ofoma?

A    Yes, sir.

Q    Were you married to her on May 15, 1987?

A    Yes, sir.

Q    Did that marriage take place in Cook County, Illinois?

A    Yes, sir.

Q    Have you been a resident of the State of Illinois and Cook County for ninety days or more preceding the filing of your petition for dissolution?

A    Yes, sir.

Q    Were any children born to this marriage?

A    Two.

Q    May I have their names and ages please?

A    My son, Jideofor Kelly Ofoma, five years old. My daughter, Jide Ofoma, T, ten years old. (phonetic)

Q    Were any children adopted?

A    No.

3

Q    Is your wife pregnant at the present time?

A    No, sir.

Q    Did irreconcilable differences arise between you and her which caused an irretrievable breakdown of your marriage?

A    Yes, sir.

Q    Did efforts at reconciliation fail?

A    Yes, sir.

Q    Would further efforts be impracticable and not in the best interest of the family?

A    Yes, sir.

Q    Do you consider both you and she are the proper persons to have custody of the children?

A    Yes, sir.

Q    Have you and she agreed to a joint parenting arrangement?

A    Yes, sir.

Q    And that arrangement calls for residential-- for her to be the residential parent and for you to have visitation, is that correct?

A    Yes, sir.

Q    It calls for you to pay child support of $105.00, is it every two weeks?

A    Yes, every two weeks.

4

Q   $105.00 bi-weekly in accordance with a previously entered administrative order, is that correct?

A   Yes, sir.

Q   Are you asking for maintenance or alimony from her?

A   No, sir.

Q   And she is not asking it from you, is that correct?

A   Yes, sir.

Q   Do you understand that if you waive maintenance today, you cannot come back before this court or any other judge in the future to request maintenance?

A   Yes, sir.

Q   You are each going to retain your own pension or profitsharing benefits, is that correct?

A   Yes, sir.

Q   Now, showing you the marital settlement agreement, is that her signature as well as your own on that agreement?

A   Yes, sir.

Q   And also showing you a joint parenting agreement, is that her signature as well as your own

5

1    on the joint parenting agreement?

2         A    Yes, sir.

3         Q    Terrific.  Notwithstanding that, Ms. Ofoma is

4    in default.  The parties have entered into a joint

5    parenting and a property settlement agreement.

6              I find that both parties are proper persons

7    to have custody of the two children. Custody is

8    awarded to them jointly, and they will live with their

9    Mother, and their Father will enjoy visitation in

10   accordance with the terms of the joint parenting

11   agreement.

12             I find that both the joint parenting

13   agreement and the property settlement agreement are

14   fair and reasonable, and they will be incorporated

15   into the judgment by reference.

16             I find that the grounds of irreconcilable

17   differences are established by satisfactory evidence.

18             A judgment of dissolution of marriage will be

19   granted, and Mrs. Ofoma may use the her maiden name of

20   Yancy, if she wishes but she's not required to do so.

21             I have signed the judgment, and twenty-eight

22   days to submit the transcript.

23             Thank you, Mr. Ofoma.  Good luck, sir.  All

24   right.  No fee for the transcript.

6

1                  (Witness excused.)

**WHICH WAS ALL THE EVIDENCE HEARD
IN THE ABOVE-ENTITLED CAUSE.**

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF C O O K    )

    I, Sandra Lio, Official Court Reporter of the
Circuit Court of Cook County, County Department-
Domestic Relations Division, do hereby certify that I
reported in shorthand the evidence had in the above-
entitled cause and that the foregoing is a true and
correct transcript of all the evidence heard.

       _____ 3/19/99

License No. 084-001897
Official Shorthand Reporter
Circuit Court of Cook County
County Department-Domestic Relations

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF C O O K    )

    I,    JIDEOFOR KELLY OFOMA,    , do hereby
certify that I appeared for the petitioner in the
above-entitled cause; that I have read the foregoing
Report of Proceedings and that the same is, to the
best of my recollection and belief, a true and correct
transcript of all the evidence heard.

    X_____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    FORASMUCH, THEREFORE, as the matters and things
hereinabove set forth do not otherwise fully appear of
record, the petitioner tenders this Report of Proceedings
which said petitioner prays may be signed and sealed by the
Judge before whom said cause was heard.

    WHICH IS ACCORDINGLY DONE on the day and date of the
entry of judgment herein.

_____ (SEAL)
               JUDGE