# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 411 | **DATE** | 2/15/2008 |
| **CASE TITLE** | Ofoma vs. The Department of Defense, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed for lack of jurisdiction. Plaintiff's application to proceed *in forma pauperis* [#4] and his motion for appointment of counsel [#5] are denied. (See statement below.) Should plaintiff take an appeal of this decision, leave to proceed *in forma pauperis* on appeal is hereby denied. Civil Case Terminated.

■[ For further details see text below.]      Notices mailed by Judicial staff.
*Mail AO 450 form.

## STATEMENT

Plaintiff, Kelly J. Ofoma, has filed a pro se complaint in which he alleges that his ex-wife and her current husband signed papers allowing plaintiff's daughter, over whom plaintiff and his ex-wife share joint legal custody, to enlist in the United States Army, which was contrary to plaintiff's express wishes. In doing so, plaintiff claims that his ex-wife and her current husband "violated my 4th amendment rights and my fathers right awarded me during our divorce." Pl.'s Compl. at 1. Plaintiff also claims that his ex-wife thereby violated their divorce decree.

Plaintiff further alleges the following facts: Immediately after learning of his daughter's enlistment, he called an Army recruiting officer, who told him "that there is a Federal Law stating that if the child is living with a Step-father, the step-father has the right to sign the documents allowing the child to enlist in the military regardless of whether or not they have joint custody." *Id.* In a later phone call, the recruiting officer confessed that he had lied to plaintiff, admitting that no such law existed, and urged plaintiff to allow his daughter "to go to the military for the educational benefits and I told him definitely not because he lied to me and the documents were illegally signed." *Id.* at 1–2. The recruiting officer instructed him to compose a letter of objection, which he did. Plaintiff also wrote to the Department of Defense and to the Chairman of the Joint Chiefs of Staff, but never received a response. Plaintiff, who lives in Chicago, later went to his daughter's graduation from boot camp in South Carolina and tearfully explained that he never gave his permission for her to enlist. The officials there informed him that he "ha[s] a legitimate complaint but they were just instructors and were not the people to complain to." *Id.* at 2. During her military schooling, plaintiff's daughter experienced health problems. When she returned home, she was diagnosed with chronic Bronchitis, which causes her to experience difficulty breathing.

Based on these allegations—violation of his rights, being lied to by the recruiter, and his daughter's health problems—plaintiff asks the court to grant his daughter an honorable discharge from the Army with all benefits intact. Plaintiff has also filed an application to proceed *in forma pauperis* and a motion for

**STATEMENT**

appointment of counsel.

In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir. 1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted). The legal bases upon which plaintiff asserts his claim—violation of his rights under the Fourth Amendment and his divorce decree—are without merit. The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. If plaintiff means to suggest that his daughter's enlistment in the Army without his consent constitutes an unreasonable seizure of some sort, such a claim is not cognizable under the Fourth Amendment. And if the plaintiff intends to enforce against his wife his rights under the divorce decree, this federal court would not have jurisdiction over his claim, as such matters are within the exclusive jurisdiction of the state courts. *See Ex parte Burrus*, 136 U.S. 586, 593–94, 10 S. Ct. 850, 34 L. Ed. 500 ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.").

There is some authority suggesting that "[w]here the consent of a minor's parents or guardian is required, an enlistment without such consent is voidable at the instance of such parent or guardian, who, on avoiding the illegal enlistment, may demand the minor's discharge, even though the minor consents to remain in the service." 6 C.J.S. Armed Services § 64 (citing *Ex parte Foley*, 243 F. 470 (W.D. Ky. 1917); *Commonwealth* v. *Harrison*, 11 Mass. 63, 1814 WL 958 (1814)). The facts presented in this case, however, do not appear to give rise to such a claim.

One problem with the plaintiff's complaint is that while it presents a comprehensible story, it fails to present many basic facts which the court would require to make even a preliminary determination that this court is likely to have jurisdiction over the subject matter of this case. Plaintiff has attached to his complaint a Cook County Circuit Court, Domestic Relations Division order, dated March 14, 1999, which appears to confirm his contention that he was awarded joint custody over his two children, Jide T. Ofoma (born July 27, 1988) and Jideofor Kelly Ofoma Jr. (born July 12, 1993). Plaintiff's complaint does not state, however, which of his two children is the daughter who allegedly enlisted in the Army as a minor. Nor does the complaint state when she enlisted in the Army or how old she is at present. Without such information, the court cannot be certain of whether, for example, his daughter is still a minor. Based on the birth dates that appear in the divorce-related documents, the younger of his children would presently be 14, and the older 19 years old.

Section 505(a) of Volume 10 of the United States Code provides that the Army may accept the enlistment of "able-bodied persons who are not less than seventeen years of age" and that "no person under eighteen years of age may be originally enlisted without the written consent of his parent or guardian, if he has a parent or guardian entitled to his custody and control." 10 U.S.C. § 505(a). The court presumes that the younger of plaintiff's children, age 14, has not yet enlisted in the Army. If this is the case, however, and plaintiff's 19-year-old child is the daughter who enlisted, she is no longer a minor for purposes of enlisting in the Army. *See id.* A cursory review of the decisions by the Courts of Military Review indicates that "[a]s a general rule, an individual under the age of 17 is statutorily incompetent to acquire military status. However, the Government may show a constructive[1] enlistment where such minor continues to serve after passing the minimum statutory age." *United States* v. *Howard*, 1 M.J. 557, 558 (A.F.C.M.R. 1975) (citing *United States* v. *Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974)); *see also United States* v. *Brodigan*, 50 C.M.R. 419, 420–21 (1975) ("What is crucial to a constructive enlistment is the intention of the enlisted person to be a member of the military service once he has passed the statutory minimum enlisted age. Two indicia of this intention are voluntary performance of military duties and acceptance of military benefits.") (citations omitted). Assuming that plaintiff's daughter is, as plaintiff suggests, still serving in and receiving benefits from the Army, it is thus highly likely that she is, at a minimum, constructively enlisted.

**STATEMENT**

Another problem for plaintiff's case is that, assuming his daughter is 19 years old, he likely has no standing to challenge her present enlistment as a non-minor. Thus, even if plaintiff's daughter were still a minor (which does not appear to be the case here) and plaintiff had adequately pleaded such facts (which he did not), it appears highly unlikely that plaintiff's claim would even be within the jurisdiction of this court, much less likely to succeed.

For all of these reasons, the court concludes that this is a frivolous case. It is therefore dismissed for lack of subject matter jurisdiction. Plaintiff's application to proceed *in forma pauperis* [#4] and his motion for appointment of counsel [#5] are likewise denied. Should plaintiff take an appeal of this decision, leave to proceed *in forma pauperis* on appeal is hereby denied.

1. "Constructive enlistment" would mean that the law would treat it as a voluntary enlistment once the enlisted child reached age 17 if she continued to perform military duties and accept the benefits of military status.