

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **PLAINTIFF(S)**<br>Kelly J. Ofoma<br><br>v.<br><br>**DEFENDANT(S)**<br><br>The Department of Defense<br>Mr. Robert M. Gates- Secretary of Defense<br>Adm. Michael G. Mullen-Chairman of the Joint Chief of Staff<br>1400 Defense Pentagon<br>Washington DC 20310-1400 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: 08C 0411<br>Judge: Joan H. Lafkow<br>JT<br><br>**FILED**<br>MAR 1 0 2008<br>Mar 10, 2008<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

NOTICE OF

# PLAINTIFF APPEAL BRIEF

## Plaintiff Appeal Brief as follows:

Now come Kelly J. Ofoma, Pro See Plaintiff moves to file a brief on a case pending before you.

On February 15, 2008 I filed a complaint against the Department Of Defense along with a plaintiff's application in forma pauperis #4 and a motion for appointment of counsel #5 which were denied by the honorable Joan H. Lefkow. My complaint was denied based on the following facts,

1. The judge stated that the case was dismissed for a lack of jurisdiction in the Federal court, which I believe the honorable Judge Joan H. Lefkow got it wrong because this is a Federal case. I am suing the Federal Government even though I made a reference to my divorce case in my complaint this is not about divorce but about the manner in which the recruiter fraudulently lured my daughter, her mother and her step-father to enlist my daughter in the army without my consent.

2. I was also denied plaintiff's application to proceed in forma pauperis #4 and a motion for appointment of counsel.

3.In making my complaint I sited the wrong amendment that had been violated in my case. I sited the fourth amendment which was an error on my

part. I am not sure which amendment it is, but I do know my rights given to me in my divorce decree have been violated.

My complaint is not just against my ex-wife along ,but also against the Federal Government, because the Federal Government is the one who told my ex-wife that the Federal law overrides the sate law when it comes to a divorce decree, and also told her that she and her current husband has the right to sign the consent form giving my daughter permission to enlist in the US Army Reserve Illinois, because of this in June 2005 my daughter who was a minor (17 years of age) at the time ,was enlisted in the US Army Reserve In Illinois, without my consent, which is illegal because my ex-wife and I have joint custody of our children and it was granted to me in the divorce decree that no major decision regarding the children can be made without the others permission. I did not give my permission for my daughter to be enlisted in the Reserve. This is definitely a major decision concerning my daughter, and was made without consulting me and without my consent.

I am asking the honorable court to please reinstate my case which I will amend if necessary and please re-instate my application to proceed in forma pauperis #4 and re-instate my motion to appoint council.

My daughters division is scheduled for deployment. I plead to the court to place an injunction to stop the deployment of my daughter until the court have had time to properly hear this case.

Kelly J. Ofoma
9721 South Genoa Avenue
Chicago, IL  60643
Phone: 773-715-6709

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 08 cv 411

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Ofoma/appellant | | Dept. Of Defense/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Kelly J. Ofoma | Name | |
| Firm | pro-se | Firm | |
| Address | 9721 S. Genoa Ave. Chgo.Il. 60643 | Address | |
| Phone | | Phone | |

| Other Information | | | |
|---|---|---|---|
| District Judge | Lefkow | Date Filed in District Court | 1/18/08 |
| Court Reporter | P. Warren   408-5100 | Date of Judgment | 2/15/08 |
| Nature of Suit Code | 890 | Date of Notice of Appeal | 3/10/08 |

COUNSEL:   Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS:   Paid [ ]   Due [ ]   IFP [ ]
              IFP Pending [X]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 411 | **DATE** | 2/15/2008 |
| **CASE TITLE** | Ofoma vs. The Department of Defense, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's complaint is dismissed for lack of jurisdiction. Plaintiff's application to proceed *in forma pauperis* [#4] and his motion for appointment of counsel [#5] are denied. (See statement below.) Should plaintiff take an appeal of this decision, leave to proceed *in forma pauperis* on appeal is hereby denied. Civil Case Terminated.

■[ For further details see text below.]    Notices mailed by Judicial staff.
    *Mail AO 450 form.

### STATEMENT

     Plaintiff, Kelly J. Ofoma, has filed a pro se complaint in which he alleges that his ex-wife and her current husband signed papers allowing plaintiff's daughter, over whom plaintiff and his ex-wife share joint legal custody, to enlist in the United States Army, which was contrary to plaintiff's express wishes. In doing so, plaintiff claims that his ex-wife and her current husband "violated my 4th amendment rights and my fathers right awarded me during our divorce." Pl.'s Compl. at 1. Plaintiff also claims that his ex-wife thereby violated their divorce decree.

     Plaintiff further alleges the following facts: Immediately after learning of his daughter's enlistment, he called an Army recruiting officer, who told him "that there is a Federal Law stating that if the child is living with a Step-father, the step-father has the right to sign the documents allowing the child to enlist in the military regardless of whether or not they have joint custody." *Id.* In a later phone call, the recruiting officer confessed that he had lied to plaintiff, admitting that no such law existed, and urged plaintiff to allow his daughter "to go to the military for the educational benefits and I told him definitely not because he lied to me and the documents were illegally signed." *Id.* at 1–2. The recruiting officer instructed him to compose a letter of objection, which he did. Plaintiff also wrote to the Department of Defense and to the Chairman of the Joint Chiefs of Staff, but never received a response. Plaintiff, who lives in Chicago, later went to his daughter's graduation from boot camp in South Carolina and tearfully explained that he never gave his permission for her to enlist. The officials there informed him that he "ha[s] a legitimate complaint but they were just instructors and were not the people to complain to." *Id.* at 2. During her military schooling, plaintiff's daughter experienced health problems. When she returned home, she was diagnosed with chronic Bronchitis, which causes her to experience difficulty breathing.

     Based on these allegations—violation of his rights, being lied to by the recruiter, and his daughter's health problems—plaintiff asks the court to grant his daughter an honorable discharge from the Army with all benefits intact. Plaintiff has also filed an application to proceed *in forma pauperis* and a motion for

# STATEMENT

appointment of counsel.

In assessing any complaint, the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir. 1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.") (internal quotation marks and citations omitted). The legal bases upon which plaintiff asserts his claim—violation of his rights under the Fourth Amendment and his divorce decree—are without merit. The Fourth Amendment provides the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. If plaintiff means to suggest that his daughter's enlistment in the Army without his consent constitutes an unreasonable seizure of some sort, such a claim is not cognizable under the Fourth Amendment. And if the plaintiff intends to enforce against his wife his rights under the divorce decree, this federal court would not have jurisdiction over his claim, as such matters are within the exclusive jurisdiction of the state courts. *See Ex parte Burrus*, 136 U.S. 586, 593–94, 10 S. Ct. 850, 34 L. Ed. 500 ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.").

There is some authority suggesting that "[w]here the consent of a minor's parents or guardian is required, an enlistment without such consent is voidable at the instance of such parent or guardian, who, on avoiding the illegal enlistment, may demand the minor's discharge, even though the minor consents to remain in the service." 6 C.J.S. Armed Services § 64 (citing *Ex parte Foley*, 243 F. 470 (W.D. Ky. 1917); *Commonwealth* v. *Harrison*, 11 Mass. 63, 1814 WL 958 (1814)). The facts presented in this case, however, do not appear to give rise to such a claim.

One problem with the plaintiff's complaint is that while it presents a comprehensible story, it fails to present many basic facts which the court would require to make even a preliminary determination that this court is likely to have jurisdiction over the subject matter of this case. Plaintiff has attached to his complaint a Cook County Circuit Court, Domestic Relations Division order, dated March 14, 1999, which appears to confirm his contention that he was awarded joint custody over his two children, Jide T. Ofoma (born July 27, 1988) and Jideofor Kelly Ofoma Jr. (born July 12, 1993). Plaintiff's complaint does not state, however, which of his two children is the daughter who allegedly enlisted in the Army as a minor. Nor does the complaint state when she enlisted in the Army or how old she is at present. Without such information, the court cannot be certain of whether, for example, his daughter is still a minor. Based on the birth dates that appear in the divorce-related documents, the younger of his children would presently be 14, and the older 19 years old.

Section 505(a) of Volume 10 of the United States Code provides that the Army may accept the enlistment of "able-bodied persons who are not less than seventeen years of age" and that "no person under eighteen years of age may be originally enlisted without the written consent of his parent or guardian, if he has a parent or guardian entitled to his custody and control." 10 U.S.C. § 505(a). The court presumes that the younger of plaintiff's children, age 14, has not yet enlisted in the Army. If this is the case, however, and plaintiff's 19-year-old child is the daughter who enlisted, she is no longer a minor for purposes of enlisting in the Army. *See id.* A cursory review of the decisions by the Courts of Military Review indicates that "[a]s a general rule, an individual under the age of 17 is statutorily incompetent to acquire military status. However, the Government may show a constructive[1] enlistment where such minor continues to serve after passing the minimum statutory age." *United States* v. *Howard*, 1 M.J. 557, 558 (A.F.C.M.R. 1975) (citing *United States* v. *Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974)); *see also United States* v. *Brodigan*, 50 C.M.R. 419, 420–21 (1975) ("What is crucial to a constructive enlistment is the intention of the enlisted person to be a member of the military service once he has passed the statutory minimum enlisted age. Two indicia of this intention are voluntary performance of military duties and acceptance of military benefits.") (citations omitted). Assuming that plaintiff's daughter is, as plaintiff suggests, still serving in and receiving benefits from the Army, it is thus highly likely that she is, at a minimum, constructively enlisted.

**STATEMENT**

Another problem for plaintiff's case is that, assuming his daughter is 19 years old, he likely has no standing to challenge her present enlistment as a non-minor. Thus, even if plaintiff's daughter were still a minor (which does not appear to be the case here) and plaintiff had adequately pleaded such facts (which he did not), it appears highly unlikely that plaintiff's claim would even be within the jurisdiction of this court, much less likely to succeed.

For all of these reasons, the court concludes that this is a frivolous case. It is therefore dismissed for lack of subject matter jurisdiction. Plaintiff's application to proceed *in forma pauperis* [#4] and his motion for appointment of counsel [#5] are likewise denied. Should plaintiff take an appeal of this decision, leave to proceed *in forma pauperis* on appeal is hereby denied.

1. "Constructive enlistment" would mean that the law would treat it as a voluntary enlistment once the enlisted child reached age 17 if she continued to perform military duties and accept the benefits of military status.

# United States District Court

## Northern District of Illinois

**Eastern Division**

Ofoma                                **JUDGMENT IN A CIVIL CASE**

              v.                             Case Number: 08 C 411

The Department of Defense, et al.

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐      Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's complaint is dismissed for lack of jurisdiction.

                                          Michael W. Dobbins, Clerk of Court

Date: 2/15/2008                           _____

                                          /s/ Michael Dooley, Deputy Clerk

APPEAL, ASHMAN, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:08-cv-00411
## Internal Use Only

Ofoma v. The Department of Defense et al  
Assigned to: Honorable Joan H. Lefkow  
Cause: 28:1331 Federal Question

Date Filed: 01/18/2008  
Date Terminated: 02/15/2008  
Jury Demand: None  
Nature of Suit: 890 Other Statutory Actions  
Jurisdiction: Federal Question

**Plaintiff**

**Kelly J. Ofoma**          represented by **Kelly J. Ofoma**  
9721 South Genoa Avenue  
Chicago, IL 60643  
773-715-6709  
PRO SE

V.

**Defendant**

**The Department of Defense**

**Defendant**

**Assistant Secretary of Defense**

**Defendant**

**Robert M. Gates**  
*Secretary of Defense*

**Defendant**

**Michael G. Mullen**  
*Adm.; Chairman of the Joint Chiefs of Staff*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/18/2008 | 1 | RECEIVED Complaint and three copies by Kelly J. Ofoma. (Exhibits) (kjc, ) (Entered: 01/22/2008) |
| 01/18/2008 | 2 | CIVIL Cover Sheet. (kjc, ) (Entered: 01/22/2008) |
| 01/18/2008 | 3 | PRO SE Appearance by Plaintiff Kelly J. Ofoma. (kjc, ) (Entered: 01/22/2008) |
| 01/18/2008 | 4 | APPLICATION by Plaintiff Kelly J. Ofoma for leave to proceed in forma pauperis. (kjc, ) (Entered: 01/22/2008) |
| 01/18/2008 | 5 | MOTION by Plaintiff Kelly J. Ofoma for appointment of counsel. (kjc, ) (Entered: 01/22/2008) |
| 02/15/2008 | 6 | MINUTE entry before Judge Joan H. Lefkow :Plaintiff's complaint is dismissed for lack of jurisdiction. Plaintiff's application to proceed in forma pauperis [#4] and his motion for appointment of counsel [#5] are denied. (See statement below.) Should plaintiff take an appeal of this decision, leave to proceed in forma pauperis on appeal is hereby denied. Civil Case Terminated.Mailed notice (mad, ) (Entered: 02/15/2008) |
| 02/15/2008 | 7 | ENTERED JUDGMENT on 2/15/2008:Mailed notice(mad, ) (Entered: 02/15/2008) |
| 03/10/2008 | 8 | NOTICE of appeal by Kelly J. Ofoma regarding orders 7, 6 (Fee Due) (dj, ) (Entered: 03/11/2008) |
| 03/10/2008 | 9 | APPLICATION by Plaintiff Kelly J. Ofoma for leave to appeal in forma pauperis and financial affidavit. (dj, ) (Entered: 03/11/2008) |
| 03/11/2008 | 10 | NOTICE of Appeal Due letter sent to counsel of record (dj, ) (Entered: 03/11/2008) |